[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2005
THOMAS K. KAHN
CLERK

No. 04-15763
Non-Argument Calendar

-------------------------------------

D.C. Docket  No.  04-00629-CV-ORL-31JGG

CHRIS ALOUPIS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-------------------------------------------------------------------

(September 6, 2005)

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Aloupis filed this action, pro se, in the United States District Court for the Middle District of Florida. The district court granted the Government's motion to dismiss and denied Appellant's motion to amend his complaint. We affirm.

BACKGROUND

Appellant and his wife, through counsel, filed a state law action in Maryland in 1994. The action sought recovery for injuries arising from an automobile accident. In 1997, after a directed verdict on liability, the jury awarded the Aloupises $2000. Appellant and his wife filed a motion for a new trial on damages. The trial court denied that motion. The Aloupises then filed a pro se motion for reconsideration, which the state court also denied. Appellant then appealed that judgment, pro se, to the Maryland Court of Special Appeals. The appellate court ruled against Appellant without oral argument. Appellant did not appeal to Maryland's highest court, the Maryland Court of Appeals.

Appellant then filed an action in the United States District Court for the District of Maryland, which raised the same arguments as those before the Maryland state court. In addition, Appellant alleged the state appellate court

2

violated his due process rights by deciding the appeal without oral argument. The district court dismissed the federal action for lack of jurisdiction. The United States Court of Appeals for the Fourth Circuit affirmed and denied Appellant's petition for rehearing. The Supreme Court denied certiorari on 4 October 1999.

In 2004, Appellant filed this action against the United States in the United States District Court for the Middle District of Florida. The complaint alleges the Maryland federal district court and the Fourth Circuit denied his rights under the First, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution. Appellant sought $750,000 in compensatory damages and punitive damages of $10,000,000.

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Government moved to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim. Appellant did not respond; instead, he filed a motion to amend the complaint about twelve days later. The district court granted the Government's motion to dismiss for lack of jurisdiction, and it denied Appellant's motion to amend the complaint. It considered (a) the case "not complex;" and "patently frivolous;" as well as (b) beyond repair by amendments: "the basic underlying facts cannot support a viable claim against [the United

3

States] over which [the court] has jurisdiction." Appellant appealed to this Court. We affirm.

## DISCUSSION

We review de novo grants of a motion to dismiss under Federal Rule of Civil Procedure 12. Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir. 2004) (citations omitted). We may affirm the district court's order on grounds not specified in that order. Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1218 n.11 (11th Cir. 1999). We review the denial of a motion to amend a complaint for an abuse of discretion. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004).

1. Jurisdiction.

Appellant alleged four bases of jurisdiction: 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), 1346 (United States as a defendant) and 1357 (injuries for tax collectors and for enforcing voting rights). The United States asserted the defense of sovereign immunity, which is a jurisdictional issue. Fed.

4

Deposit Ins. Co. v. Meyer, 114 S. Ct. 996, 1000 (1994). "The terms of the federal government's 'consent to be sued in any court define that court's jurisdiction to entertain the suit.'" JBP Acquisitions, LP v. United States, 224 F.3d 1260, 1264 (11th Cir. 2000). And once a federal court determines that it lacks jurisdiction, it is "powerless to continue." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Despite Appellant's arguments to the contrary, the doctrine of sovereign immunity does not violate the United States Constitution. See Kern-Limerick v. Scurlock, 74 S. Ct. 403, 411 (1954) (describing the doctrine of sovereign immunity as "embedded in constitutional history and practice"); Woodruff v. United States, 954 F.2d 634, 644 (11th Cir. 1992) ("Congress' power to prohibit suits against the government is absolute, statutes that deny or withdraw judicial review against claims against the government are constitutional"). Any waivers of sovereign immunity must be "unequivocally expressed" and are strictly construed in the Government's favor. United States v. Nordic Village, Inc., 112 S. Ct. 1011, 1014-15 (1992). When sovereign immunity is an issue, we engage in a two-part inquiry. Appellant must first demonstrate whether there has been a waiver of sovereign immunity, and if so, whether the "source of substantive law

upon which the claimant relies provides an avenue for relief.  Meyer, 114 S. Ct. at 1004.

With this in mind, we examine each of Appellant's asserted bases of jurisdiction.  28 U.S.C. §§ 1331 and 1343 do not provide a waiver of sovereign immunity.  Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir. 1972).[*]  28 U.S.C. § 1357 provides jurisdictions in cases "commenced by any person to recover damages for an injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of the revenues, or to enforce the right of citizens of the United States to vote in any state."  Appellant does not allege that his purported injuries were caused by an attempt to collect taxes or enforce others' right to vote.  28 U.S.C. § 1357 is, therefore, inapplicable to this action.  See Berman v. United States, 264 F.3d 16, 21 (1st Cir. 2001).  Only 27 U.S.C. § 1346 remains.  Section (a) of that statute does not provide jurisdiction for this claim; it is limited to causes of action seeking $10,000 or less. Jurisdiction under section (b) of the statute is limited to causes of action arising under state law, not the Constitution.  Meyer, 114 S. Ct. at 1002.  Accordingly, the district court did not err by dismissing Appellant's complaint for lack of jurisdiction.

---

[*] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to 1 October 1981.

2.  Motion to Amend the Complaint.

Likewise, the district court did not abuse its discretion by denying Appellant's motion to amend the complaint.  We agree with the district court that any amendment would prove futile, and futility is a permissible grounds for denial. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004); Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000) (citation omitted).

In all matters, the district court is affirmed.

AFFIRMED.