[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2007
THOMAS K. KAHN
CLERK

No. 06-14233
Non-Argument Calendar

_____

D. C. Docket No. 05-01108-CV-5-CLS

DOMER L. ISHLER,

Plaintiff-Appellant,

versus

INTERNAL REVENUE, UNITED STATES OF AMERICA,
Commissioner,
JOHN L. RICHARDSON, Individually and
in his Official Capacity as an
Internal Revenue Service Agent,
NISSEI SANGYO AMERICA, LTD.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 13, 2007)

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Domer Ishler appeals the dismissal of his *pro se* complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Specifically, Ishler argues that the district court erred in concluding that none of his claims for: (1) "breach of trust," or violation of due process; (2) declaratory relief or a tax refund; or (3) relief under various state law theories of recovery, vested it with subject matter jurisdiction or, alternatively, stated a claim upon which relief could be granted. In the latter regard, Ishler challenges the district court's determination that the government defendants enjoyed sovereign immunity with respect to the state law claims.

## I. *"Breach of Trust" Claim*

We review a dismissal pursuant to Fed.R.Civ.P.12(b)(1) *de novo*. *Parise v. Delta Airlines, Inc.*, 141 F.3d 1463, 1465 (11th Cir. 1998). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted).

Federal courts are courts of limited jurisdiction. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir.), *cert. denied*, 126 S. Ct. 377 (2005). Ultimately, the plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir.

2

2005).

"Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks" on the complaint, as here, require us "'merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). On the other hand, "factual attacks" challenge "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Menchaca*, 613 F.2d at 511). We have distinguished these two types of attack as follows:

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court must consider the allegations of the complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981). But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

3

*Id.* (citation omitted).

The record here shows that the complaint centered on a dispute over Ishler's liability for federal income taxes on revenue generated in a business deal involving a third party, Nissei Sangyo America, Ltd. ("NSA") over a period of approximately ten years, from 1989-1999. Ishler unsuccessfully disputed his liability for those tax years before filing the present lawsuit.

Pursuant to 26 U.S.C. § 6330(d), "[a taxpayer] may, within thirty days of [a determination by the IRS Office of Appeals], appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 6330(d). The Tax Court, under § 6330(d), has exclusive jurisdiction over a challenge to a determination of federal income tax liability. *See Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) ("[A] case involving income taxes - like this one - must be filed in the Tax Court, and the district court lacks jurisdiction"); *Marino v. Brown*, 357 F.3d 143, 145 (1st Cir. 2004) (noting that Tax Court has "jurisdiction over cases involving an underlying income tax liability"). This exclusive jurisdiction extends to a dispute over a due process violation in the determination of federal income tax liability. *See Voelker*, 365 F.3d at 581 (determining that the district court lacked subject matter jurisdiction over a due process challenge relating to a collection due process hearing because the tax court has jurisdiction over cases involving income taxes).

4

Here, the record demonstrates that Ishler did not appeal the IRS Appeals Office's determination to the Tax Court. Accordingly, he waived his right to obtain judicial review of that ruling. Although he essentially recast this issue as a "breach of trust" claim in his present complaint, the district court properly concluded that it lacked jurisdiction to consider the claim, which was subject to dismissal under Fed.R.Civ.12(b)(1).

II. *Declaratory Judgment Demand and Informal Claim for Tax Refund*

The Declaratory Judgment Act provides, in relevant part, that:

[i]n a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 [involving tax-exempt organizations]* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party . . . .

28 U.S.C. § 2201 (emphasis and brackets added).

This Act, however, "does not, of itself, confer jurisdiction upon federal courts," *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989), and so it cannot be construed as a jurisdictional bar *per se*. *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 582 (4th Cir. 1996) (persuasive authority). Instead, the Declaratory Judgment Act merely "proscribes judicial declaration of the rights and legal relations of any interested parties in disputes involving federal taxes." *Raulerson v. United States*, 786 F.2d 1090, 1093, n.7 (11th Cir. 1986) (internal citation marks

5

omitted).  Thus, a lawsuit brought under the Declaratory Judgment Act "must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question."  *Borden*, 881 F.2d at 1037.

Where a plaintiff brings suit under a federal statute that does not provide an independent statutory grant of federal subject matter jurisdiction, and neither federal question jurisdiction nor diversity jurisdiction exists, the complaint is due to be dismissed for lack of jurisdiction.  *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469-73 (11th Cir. 1997).

We have, in the past, modified a district court's order of dismissal and concluded that the dismissal should have been without prejudice.  *Boda v. U.S.*, 698 F.2d 1174, 1177 (11th Cir. 1983).

We will assume that Ishler's declaratory relief or a tax refund claim were valid causes of action and were asserted against the proper defendants.  Nevertheless, these claims were due to be dismissed for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

The Declaratory Judgment Act did not itself provide a statutory source of jurisdiction, *see Borden*, 881 F.2d at 1037, and federal question jurisdiction and diversity jurisdiction were also lacking.  Federal question jurisdiction did not exist because Ishler's only federal claim, the due process or "breach of trust" argument, was properly dismissed for lack of jurisdiction.  Diversity jurisdiction did not exist,

6

because Ishler and Agent Richardson (who was sued in part in his individual capacity) were both Alabama residents. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) ("Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants"). Thus, the district court was without jurisdiction to consider these claims. *Baltin*, 128 F.3d at 1473.

Because the court lacked jurisdiction to consider these claims, it was unnecessary for the court to consider whether the refund claim, as asserted against NSA, should have been dismissed under Fed.R.Civ.P. 12(b)(6). *See generally Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707, n.4 (10th Cir. 2004) (noting that the preclusion doctrines do not go to "jurisdiction," but rather "provide affirmative defenses once a court exercises jurisdiction over a civil action"); *Houston Bus. School Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1211 (D.C. 1996) ("We do not reach the issue of collateral estoppel because we conclude that the district court lacked subject-matter jurisdiction to hear the motion to compel.").

Nevertheless, the record supports dismissal of the claims, and we therefore modify the order of dismissal to reflect that this claim, as asserted against NSA, was due to be dismissed under Fed.R.Civ.P. 12(b)(1). *See Cochran v. Health Care Fin. Admin.*, 291 F.3d 775, 778, n.3 (11th Cir. 2002) (noting that an appellate court

7

can affirm for any reason supported by the record); *Boda*, 698 F.2d at 1177 (modifying court's order).

### III.   *State Law Claims Against IRS and Agent Richardson, In Official Capacity*

We review *de novo* a dismissal on sovereign immunity grounds pursuant to Fed.R.Civ.P. 12(b)(1). *Parise*, 141 F.3d at 1465 (discussing standard of review for motion to dismiss; *Bennett v. United States*, 102 F.3d 486, 488, n.1 (11th Cir. 1996) (noting that a dismissal on sovereign immunity grounds should be under Fed.R.Civ.P. 12(b)(1) because no subject matter jurisdiction exists).

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 769, 85 L. Ed. 1058 (1941). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (citation omitted). Likewise, the protection of sovereign immunity also generally extends to the employees of those agencies sued in their official capacities. *See Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir. 1968) ("The immunity of the sovereign, however, extends to its agencies . . . and the officers of these agencies.").

A waiver of sovereign immunity must be "unequivocally expressed," and an expressed waiver will be strictly construed. *United States v. Nordic Village, Inc.*,

503 U.S. 30, 33-34, 112 S. Ct. 1011, 1014, 117 L. Ed. 2d 181 (1992) (citation omitted). Sovereign immunity, when applicable, is "a complete bar to lawsuits" against the United States. *State of Fla., Dep't of Business Regulation v. U.S. Dep't of Interior.*, 768 F.2d 1248, 1251 (11th Cir. 1985). With respect to the doctrine of sovereign immunity, we have noted:

> In analyzing the use of any sovereign immunity defense, the first question is whether the doctrine applies at all: Is the action a suit against the United States as a sovereign? The answer is obtained by examining the nature of the relief which may be provided. An action is one against the United States as a sovereign where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions.

*Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985) (internal citations omitted). A lawsuit against United States officers in official capacity for money damages that would be paid from the public treasury is a suit against the United States. *Graham v. Henegar*, 640 F.2d 732, 733, n.1 (5th Cir. Unit A March 1981) (citing *Unimex, Inc. v. HUD*, 594 F.2d 1060 (5th Cir. 1979)). Additionally, the plaintiff bears the burden of establishing subject matter jurisdiction, *see Sweet Pea Marine,* 411 F.3d at 1248 n.2, and, thus, must prove an explicit waiver of immunity.

In the present case, Ishler asserted state law claims of fraud and civil conspiracy, and possibly a breach of trust or fiduciary duty claim, against the IRS

9

and Agent Richardson, in his official capacity, and sought monetary damages from them. To this extent, Ishler was actually seeking monetary damages against the United States, *Graham*, 640 F.2d at 733, n.1, and so the claims were barred by the doctrine of sovereign immunity unless a waiver of immunity applied. *JBP Acquisitions,* 224 F.3d at 1263.

We have reviewed the statutes cited by Ishler to support a waiver of sovereign immunity, and we conclude that none of them is applicable here. Furthermore, to the extent that Ishler's complaint can be liberally construed as relying on the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, or on the tax refund act, 28 U.S.C. § 1346(a)(1), to demonstrate a waiver, the government's sovereign immunity could not have been waived by either statute. The Federal Tort Claims Act, by its express language, does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax . . .," *see* 28 U.S.C. § 2680(c). The waiver provided for in § 1346(a)(1) only applies when a taxpayer pays to the IRS the full amount of the contested tax liability, *Flora v. United States*, 362 U.S. 145, 176-77, 80 S. Ct. 630, 647, 4 L. E. 2d 623 (1960), and here it is undisputed that Ishler has not fully paid the amount of the contested taxes.

Because Ishler did not show a waiver in the instant case, we conclude that the state law claims for monetary damages against the IRS and Agent Richardson, in his official capacity, were properly dismissed for lack of jurisdiction under

10

Fed.R.Civ.P. 12(b)(1).[1]

For the foregoing reasons, we affirm the district court's judgment of dismissal.

**AFFIRMED.**

---

[1] Ishler also raised state law claims against Agent Richardson in his individual capacity. Although we conclude that the district court improperly dismissed these claims under Fed.R.Civ.P. 12(b)(6), we conclude that dismissal without prejudice was appropriate, albeit under Fed.R.Civ.P. 12(b)(1) for lack of original or supplemental jurisdiction. *See Cochran*, 291 F.3d at 778, n.3 ("[W]e may affirm for any reason supported by the record, even if not relied on by the district court"). We likewise conclude that the district court properly dismissed the state law claims against NSA on statute of limitation grounds pursuant to Fed.R.Civ.P. 12(b)(6).