**BANK OF AMERICA, N.A., Plaintiff,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE; and Jim Fuller, in his capacity as Clerk of Court for the Fourth Judicial Circuit, Duval County, Florida, Defendants.**

**Case No. 3:08–cv–00889–20–HTS.**

United States District Court,
M.D. Florida,
Jacksonville Division.

July 10, 2009.

Daniel Kearney Bean, Renee Jean Maxey, Holland & Knight, LLP, Jacksonville, FL, for Plaintiff.

Joel B. Toomey, City of Jacksonville, Jacksonville, FL, Rachael Amy Kamons, Washington, DC, for Defendants.

## ORDER

HARVEY E. SCHLESINGER, District Judge.

**THIS CAUSE** is before the Court on Defendant United States' ("IRS") Motion to Dismiss the Amended Complaint (Dkt. 17), Defendant Jim Fuller's, Clerk of Court for the Fourth Judicial Circuit ("Clerk"), Motion to Dismiss and Strike (Dkt. 8) pursuant to Fed.R.Civ.P. 12(b)(6), 12(f), and 12(g),[1] and a Response to the

---

1. Ordinarily, after an amended complaint is filed the parties refile motions to dismiss. Defendant Clerk chose not to do so in this instance. However, the claims raised in Plaintiff Bank's Original Complaint are applicable to the Amended Complaint. Therefore, this Court will address Defendant Clerk's claims in relation to the Amended Complaint.

Motion to Dismiss the Amended Complaint by Plaintiff Bank of America, N.A. ("Bank") (Dkt. 19). Upon consideration of the same, this Court finds the following:

The undisputed facts[2] of the case are, briefly, as follows. On February 5, 2001, Plaintiff Bank entered into a loan agreement with Air–Dynamics Mechanical Contractors, Inc., ("Air–Dynamics") in the amount of $560,025.55. Air–Dynamics executed a promissory note and granted Plaintiff Bank a security interest through a mortgage on real property known as 7859 West Beaver Street, Jacksonville, Florida 32220. Soon thereafter, Plaintiff Bank recorded the Mortgage in Duval County, the county in which the aforementioned property was located.

Between 2005 and 2006, Defendant IRS assessed approximately $192,855.79 in federal taxes against Air–Dynamics, consisting of three "Notice[s] of Federal Tax Lien," which stipulated that because Defendant IRS had made demands of payment that remained unpaid, there was a lien in favor of the United States. (Dkt. 14, Exhibit C). Air–Dynamics also failed to pay state and local taxes. (Dkt. 14, Exhibit D).

In approximately June 2005, Defendant Clerk issued a tax certificate for the Mortgaged Property, and on November 14, 2007, he levied the property for approximately $57,100.00, pursuant to a tax deed sale. The proceeds paid the outstanding local taxes, approximately $4,656.03, and resulted in a surplus for distribution to the other lienholders on the Mortgaged Property. On or around January 15, 2008, Defendant IRS submitted a claim in the form of a sworn affidavit to Defendant Clerk for the excess funds. (Dkt. 14, Exhibit H).

Plaintiff Bank argues it was unable to furnish a similar request because they had not received notice of the sale from Defendant Clerk. Notice of the sale was sent to by certified mail to Plaintiff Bank, but the envelope was undeliverable and returned to Defendant Clerk. Therefore, Plaintiff Bank was never served with notice of the tax deed sale (Dkt. 14, Exhibit G) and asserts it did not receive notice of Defendant IRS' Statement of Claim. (Dkt. 14, pg. 4).

On January 24, 2008, Defendant Clerk disbursed the $52,443.07 in Excess Funds to the IRS. (Dkt. 14, Exhibit I). On June 4, 2008, the Plaintiff Bank submitted a claim of payment for excess funds to Defendant Clerk (Dkt. 14; Exhibit J), and, on or about June 26, 2008 and July 14, 2008, Plaintiff Bank submitted a claim for payment to Defendant IRS for Excess Funds improperly paid. (Dkt. 14, Exhibit K). On July 29, 2009, the IRS rejected Plaintiff Bank's claim. (Dkt. 14; Exhibit L).

On September 16, 2008, Plaintiff Bank commenced this litigation against Defendant Clerk and Defendant IRS, and asks this Court for relief based on five different counts in its Amended Complaint, including: (1) Action for Wrongful Levy against Defendant IRS; (2) Action for Declaratory Relief as to Defendant Clerk; (3) a Claim for Unjust Enrichment against Defendant IRS; (4) Action for to Invalidate the Tax Deed Sale against Defendant Clerk; (5) Action for Negligence against Defendant Clerk; and (6) Action for Attorney's Fees and Costs against Defendant IRS.

Defendant Clerk asks this Court to dismiss the action because the Plaintiff has not pled in compliance with the statutory notice requirements for suing a governmental authority in Florida; Fla. Stat.

---

**2.** This Court's use of the word "facts" is solely for the purposes of deciding the motion and are not necessarily the actual facts. *Kelly v.*

*Curtis,* 21 F.3d 1544, 1546 (11th Cir.1994) (citation omitted).

§ 768.28, and Jacksonville Municipal Ordinance Section 112, Part 2. Defendant IRS argues that this Court lacks subject matter jurisdiction because the statutes cited by Plaintiff Bank do not operate as an express waiver of sovereign immunity. Plaintiff Bank cites 26 U.S.C. §§ 6323, 7426(a)(1), and 28 U.S.C. §§ 1331, 1347, 1346, and 2201 as permitting the exercise of jurisdiction. This Court will first address Defendant Clerk's arguments and will then address each of these statute's conferral of subject matter jurisdiction in turn.

## I. As to Defendant Clerk of Court

The State, for itself and its agencies or subdivisions, waives its sovereign immunity for liability for torts, to the extent specified in Fla. Stat. § 768.28(1) (2009). "[T]he requirements of notice to the agency and denial of the claim pursuant to paragraph [6](a) are conditions precedent to maintaining an action ...." § 768.28(6)(b). In addition, § 768.28(6)(d) provides: "[T]he failure of the Department of Financial Services or the appropriate agency to make final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim for purposes of this section."

■ It is clear from a plain reading of the statute, in order to sue a state entity, Plaintiff Bank must both serve notice and give the state agency six months to make a final decision on its claim. On June 4, 2008, Plaintiff Bank sent a claim, in the form of a letter, to Defendant Clerk for payment of Excess Funds and contends this letter constitutes sufficient notice in satisfaction of § 768.28(6), therefore Defendant Clerk statutorily waived its sovereign immunity. (Dkt. 15, pg. 2, ¶ 7). However, Defendant Clerk neither denied the claim nor let six months pass without an answer before Plaintiff Bank brought suit approximately three months later, in

September 2008. Unlike the IRS, the Defendant Clerk never denied Plaintiff Bank's request for relief. Plaintiff Bank specifically states, "as of the filing of this Complaint, Plaintiff Bank has not received a response from Defendant Clerk regarding its request for relief." (Dkt. 14, p. 5). Therefore, because Plaintiff Bank has failed to satisfy the regulations of § 768.28 by giving the State the allotted time to make a final decision on its claim, the current claims are procedurally barred.

Plaintiff Bank attempts to argue that since at this time, six months has passed since the letter from Plaintiff Bank to Defendant Clerk was sent and there has been no response, the Plaintiff has satisfied the denial requirement of § 768.28(6). However, even if this Court found the denial requirement have been constructively satisfied, Plaintiff Bank failed comply with the notice requirements mandated by Jacksonville Municipal Ordinance Code, Ch. 112, Part 2. "A notice that fails to comply with the requirements of this Chapter or which is served otherwise than as prescribed by this Chapter, shall not constitute the notice required by F.S. § 768.28." *Id.* at § 112.206. The Jacksonville City Council ("JCC") found § 768.28, as written, did an inadequate job of supplying with specificity *the method* of giving notice and therefore laid out the proper procedure in § 112.203. Specifically, the JCC found: § 768.28 "does not prescribe the method of giving this notice and great confusion has been caused by the absence of a method," and that "a definite form of accomplishing the giving of notice would assist all parties ...." *Id.* at § 112.201(c)-(d). The JCC, therefore, specified the proper method for giving notice to the City. "Notices ... pursuant to the provisions of F.S. § 768.28 shall be served upon the General Counsel, by certified mail or by service as for a summons. The General Counsel may designate one or more Assis-

tant Counsels upon which the notices may be served in the absence of the General Counsel . . . ." *Id.* at § 112.203. Plaintiff Bank failed to comply with the statutory notice requirements under both § 768.28 and § 112.203. Therefore, Defendant Clerk has not waived his sovereign immunity.

## II. As to Defendant IRS

 It is well-settled that the United States is immune from suit unless it explicitly waives its sovereign immunity. Therefore, the United States, as sovereign, may only be sued where Congress has explicitly provided its statutory consent. *See FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (Without a waiver, "sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Shaw,* 309 U.S. 495, 502, 60 S.Ct. 659, 84 L.Ed. 888 (1940) ("It is not our right to extend the waiver of sovereign immunity more broadly than has been directed by Congress."). Therefore, jurisdiction in these cases may not be exercised without the consent of the United States. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). *See also United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (noting, the Government's "consent to be sued in any court defines that court's jurisdiction to entertain suit"). The protections of sovereign immunity also generally extend to agencies of the United States and employees of those agencies sued in their official capacity. *Ishler v. Internal Revenue,* 237 Fed.Appx. 394, 397 (11th Cir.2007).

 The conditions under which the Government agrees to be sued must be clearly expressed in statutory text, strictly construed in favor of the sovereign, and may not be implied. *ASEDAC v. Panama Canal Commission,* 453 F.3d 1309, 1315 (11th Cir.2006) (quoting *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d

486 (1996)). *See also United States v. Williams,* 514 U.S. 527, 531, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995) ("[T]he Court will construe ambiguities in favor of immunity."); *Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *United States v. Nordic Vill., Inc.,* 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). It follows, that if Congress has not provided waiver, the suit must be dismissed. In response to Defendant IRS' Motion to Dismiss, Plaintiff Bank directs this Court to 26 U.S.C. §§ 6323, 7426(a)(1), and 28 U.S.C. §§ 1331, 1347, 1346, and 2201 as grants of subject matter jurisdiction. This Court will address each of these statutes in turn in order to evaluate whether they expressly provide a waiver of sovereign immunity.

 26 U.S.C. § 6323(b)(6) reads as follows:

(b) Protection for certain interests even though notice filed. Even though notice of a lien imposed by § 6321 has been filed, such lien shall not be valid—

(6) Real property tax and special assessment liens. With respect to real property, as against a holder of a lien upon such property, if such lien is entitled under local law to priority over security interests in such property which are prior in time, and such lien secures payment of—

(A) a tax of general application levied by any taxing authority based upon the value of such property;

(B) a special assessment imposed directly upon such property by any taxing authority, if such assessment is imposed for the purpose of defraying the cost of any public improvement; or

(C) charges for utilities or public services furnished to such property by the United States, a State or

political subdivision thereof, or an instrumentality of any one or more of the foregoing.

Section 6323 is not a jurisdiction-granting statute. In fact, § 6323(b)(6) provides for the priority of liens between creditors and the IRS with regards to real property. Even if Plaintiff Bank's security interest in the Mortgaged Property was senior according to § 6323, a fact neither Defendant Clerk nor Defendant IRS dispute, § 6323 does not constitute a waiver of sovereign immunity, and therefore does not confer subject matter jurisdiction upon this Court.

■ Contrastingly, 26 U.S.C. § 7426 may act as an explicit waiver of sovereign immunity. However, in order for the waiver to be implicated, the situation presented must fall into the subject matter encompassed by the statute. As expressed in § 7426, the United States has explicitly waived its immunity from suits by non-taxpayers for the following actions:[3] (1) wrongful levy, meaning, if a levy has been made on property wrongfully, a person claiming an interest or lien in such property may bring a civil action against the United States; (2) surplus proceeds, whereby a person claiming an interest in or lien on levied property that is junior to the United States is entitled to bring an action for the surplus proceeds of the sale of such property; (3) substituted sale proceeds, as in when a property is sold privately, pursuant to an agreement to turn over to the Government funds in exchange for discharging such property from federal tax liens, a person holding a lien on the property can bring an action against the Government for some or all of the sale proceeds; and (4) substitution of value, whereby if a certificate of discharge is issued to any person pursuant to § 6325(b)(4), such person may bring a civil action against the United States for a determination that the property's value is less than that which was determined by the IRS.

**3.** Section 7426 provides:

Civil actions by persons other than taxpayers.

(a) Actions permitted.

(1) Wrongful levy. If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

(2) Surplus proceeds. If property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property junior to that of the United States and to be legally entitled to the surplus proceeds of such sale may bring a civil action against the United States in a district court of the United States.

(3) Substituted sale proceeds. If property has been sold pursuant to an agreement described in section 6325(b)(3) (relating to substitution of proceeds of sale), any person who claims to be legally entitled to all or any part of the amount held as a fund pursuant to such agreement may bring a civil action against the United States in a district court of the United States.

(4) Substitution of value. If a certificate of discharge is issued to any person under section 6325(b)(4) with respect to any property, such person may, within 120 days after the day on which such certificate is issued, bring a civil action against the United States in a district court of the United States for a determination of whether the value of the interest of the United States (if any) in such property is less than the value determined by the Secretary. No other action may be brought by such person for such a determination.

Plaintiff Bank argues, pursuant to § 7426(a)(1), that Defendant IRS's actions in retaining the Excess Funds constituted a wrongful levy because the their retention effectively destroys or otherwise irreparably injures the Plaintiff Bank's superior interest. Plaintiff Bank asks for a broad interpretation of the word "levy," arguing, that because Defendant IRS possesses the Excess Funds it effectively executed a levy.

■ A necessary requisite for a wrongful levy is the existence of a levy. Therefore, "before Section 7426 can be invoked *the IRS* must have made an actual levy upon the property ... a threatened levy is insufficient," *Simpson v. United States,* 1997 WL 151431, at *2, 1997 U.S. Dist. LEXIS 1079, at *8 (N.D.Fla. Jan. 27, 1997) (quoting *Interfirst Bank Dallas, N.A. v. United States,* 769 F.2d 299, 305 (5th Cir. 1985)) (emphasis added). Here, Defendant IRS merely had a lien on the Mortgaged Property. " 'A federal tax lien, however, is not self-executing,' and the IRS must take '[a]ffirmitive action ... to enforce the collection of the unpaid taxes.' " *E.C. Term of Years Trust v. United States,* 550 U.S. 429, 430, 127 S.Ct. 1763, 167 L.Ed.2d 729 (2007) (quoting *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985)).

26 U.S.C. § 6331(b) defines a "levy" as the power of distraint and seizure by any means. To "seize," is to *forcibly* take possession of property. Black's Law Dictionary 1363 (7th ed. 1999). "The Supreme Court, in *United States v. Nat'l Bank of Commerce,* has delineated three customary

methods of *forced* collection. There are two principle tools for the purpose of the collection of unpaid taxes ... the first is the lien foreclosure action ... [and the] second is the administrative levy." *Capuano v. United States,* 955 F.2d 1427, 1429 (11th Cir.1992) (emphasis added). The receipt of funds, in itself, connotes no compulsion or seizure. Defendant IRS submitted a claim. It did not seize property directly from the taxpayer with disregard for the Bank's Interest, but rather received excess funds from Defendant Clerk, who, in response to their claim disbursed excess funds. *See United Sand & Gravel Contractors, Inc. v. United States,* 624 F.2d 733, 737 (5th Cir.1980).[4] There was no affirmative seizure, no sale executed, and no notice of a levy served by Defendant IRS upon the Mortgaged Property. The IRS had no duty to the Bank. Plaintiff Bank cites no law to support its broad reading of the word "levy,"[5] and case law mandates this Court to construe its meaning narrowly. *Library of Congress,* 478 U.S. at 318, 106 S.Ct. 2957.

■ Furthermore, it is undisputed that the IRS did not sell the Mortgaged Property. Because § 7426 allows the IRS to be sued in federal court, it is necessarily implied that the IRS must be the one who executed the levy. "If the Government has not levied on the property ... the owner cannot challenge such a levy under 26 U.S.C. § 7426." *Williams,* 514 U.S. at 536, 115 S.Ct. 1611. If there was any wrongful action, it was not on the part of the IRS. Because § 7426(a)(1) does not

---

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the Fifth Circuit handed down prior to October 1, 1981.

**5.** Plaintiff Bank argues that Defendant IRS' retention of Excess Funds also constitutes a "levy" because actual action was taken by

Defendant United States (seizure of property) and not merely threat of action. (Dkt. 14, pg. 6, ¶ 33). However, Plaintiff fails to explain how a retention which, by definition, connotes a lack of action, can be considered the equivalent of a "seizure," an affirmative action. Therefore, this Court finds this argument entirely unpersuasive.

apply to this set of facts, § 7426 does not confer subject matter jurisdiction upon this Court. Moreover, this Court need not reach a "wrongful levy" analysis as Plaintiff Bank fails to illustrate the existence of a levy.

■ Plaintiff Bank, further, alleges jurisdiction is proper pursuant to 28 U.S.C. § 1331. Section 1331 provides district courts with original jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States." However, it is well established § 1331, provides no general waiver of sovereign immunity. *See, e.g. Harbert v. United States,* 206 Fed.Appx. 903, 907 (11th Cir. 2006) ("Section 1331 cannot be construed to constitute a waiver of sovereign immunity."); *Aloupis v. United States,* 149 Fed. Appx. 889, 891 (11th Cir.2005); *A.L. Rowan & Son, Gen. Contractors, Inc. v. Dep't of Hous.,* 611 F.2d 997, 1000 (5th Cir.1980). Therefore, § 1331 does not provide this Court with subject matter jurisdiction over Plaintiff Bank's claim.

■ Likewise, § 2201, known as the Declaratory Judgment Act, fails to provide this Court with jurisdiction. Rather, § 2201 provides a *remedy* by authorizing the federal courts to issue declaratory judgments in certain situations which are not applicable here. *See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) ("The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiffs right even though no immediate enforcement of it was asked. But the requirements of jurisdiction ... were not impliedly repealed or modified."); *Appling County v. Mun. Elec. Auth.,* 621 F.2d 1301, 1303 (5th Cir.1980) (noting that just because the Plaintiff seeks declaratory relief under § 2201 it "does not absolve [it] of the necessity of bringing themselves within a jurisdictional statute"); *McDougald v. Jenson,* 786 F.2d 1465, 1476 (11th

Cir.1986); *Borden v. Katzman,* 881 F.2d 1035, 1037 (11th Cir.1989).

■ Section 1346 also does not constitute a waiver Defendant IRS' sovereign immunity in this set of circumstances. Section 1346(a)(1) provides district courts with original jurisdiction in:

> any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws.

28 U.S.C. 1346. While § 1346 does operate as an explicit waiver of sovereign immunity, Plaintiff Bank's claim does not fall within its reach. *See Begner v. United States,* 428 F.3d 998, 1002 (11th Cir.2005) (citing *Mutual Assurance, Inc. v. United States,* 56 F.3d 1353, 1355 (11th Cir.1995)) (noting the United States explicitly waives its sovereign immunity for cases falling within 1346(a)(1)'s reach). The law in this area is clear, "the waiver provided for in § 1346(a)(1) only applies when a *taxpayer* pays the IRS the full amount of the contested tax liability." *Ishler,* 237 Fed.Appx. at 398 (citing *Flora v. United States,* 362 U.S. 145, 176–77, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960)) (emphasis added). Here, it is undisputed that Air–Dynamics, the taxpayer, has not fully paid the outstanding tax liabilities.

Plaintiff Bank, further, contends this Court possesses supplemental jurisdiction over Plaintiff Bank's claims against Defendant Clerk, pursuant to 28 U.S.C. § 1367, because the claims "are so related to those against Defendant IRS that they form part of the same case or controversy under Article III of the United States Constitution." (Dkt. 14, p. 2, ¶ 6). Here, § 1367 fails to provide this Court with jurisdiction

over the claims against Defendant Clerk because, as explained above, it does not have original jurisdiction over the claims against the IRS.

Supplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original basis of jurisdiction. A case may not be brought in federal court on the grounds of supplemental jurisdiction alone. By definition, such jurisdiction must be attached to another basis of jurisdiction.

*Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1565 (11th Cir.1994). Because this Court does cannot exercise jurisdiction over Defendant IRS, due to the invocation of the doctrine of sovereign immunity, it lacks supplemental jurisdiction over Plaintiff Bank's claims against Defendant Clerk, which are premised upon state law.

The statutes sited by Plaintiff Bank do not provide a basis for concluding the United States has waived its sovereign immunity in this case. Therefore, the doctrine of sovereign immunity is implicated and this Court is left unable to exercise jurisdiction over the claim against Defendant IRS. Accordingly, it is **ORDERED**:

1. Defendant IRS' Motion to Dismiss the Amended Complaint (Dkt. 17) pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is **GRANTED.**

2. Defendant Clerk's Motion to Dismiss and Strike (Dkt. 8) is **GRANTED.**

3. The Clerk is directed to enter judgment accordingly, terminate all pending motions and close this case.