[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13777
Non-Argument Calendar
_____

D. C. Docket No. 07-00951-CV-ORL-22-DAB

EDWARD C. BRANCA,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 22, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Edward C. Branca, proceeding pro se, appeals the dismissal with prejudice

of his complaint alleging the imposition of a fraudulent federal tax lien on his

property, in violation of Fla. Stat. §§ 713.31(2)(b) and 713.901(4), and demanding relief in the form of a declaratory judgment cancelling the lien and awarding punitive damages in accordance with Fla. Stat. § 713.31(2)(b) & (c). Branca originally filed the complaint in the Circuit Court, Orange County, Florida, but the government removed the case, pursuant to 28 U.S.C. §§ 1441, 1442, and 1444, to the district court, where it was subsequently dismissed for lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted. On appeal, Branca argues that removal of the case was improper, and argues that the district court erred by dismissing the complaint for lack of subject-matter jurisdiction instead of remanding the case to the Orange County Circuit Court where it was originally filed. He also asserts that pursuant to the Declaratory Judgment Act, although federal courts are prohibited from granting declaratory relief with respect to federal taxes, Florida circuit courts retain the power to adjudicate his claim. We affirm.

The United States may remove any case in which it is named a party to federal court. See 28 U.S.C. § 1442(a). Branca named the United States a party to the instant suit, citing 28 U.S.C. § 2410(a). "Any action brought under § 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which

2

the action is pending." 28 U.S.C. § 1444. In his complaint, Branca sought relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Notably, the Act prohibits federal courts from issuing declaratory judgments in federal tax cases, with certain exceptions not applicable here. See 28 U.S.C. § 2201(a) (excepting cases "with respect to Federal taxes" from Act's coverage). Finally, under § 2410, Congress has waived the United States' immunity from suit only to the extent of a procedural challenge, but not to a suit concerning the underlying merits of a tax assessment. Stoecklin v. United States, 943 F.2d 42, 43 (11th Cir. 1991).

Because Congress has explicitly provided for removal to federal court for suits brought under § 2410, the district court did not err in removing the case to federal court. See 28 U.S.C. § 1444. The district court also did not err by dismissing, for lack of subject-matter jurisdiction, Branca's claims challenging the underlying merits of his federal tax lien and seeking declaratory relief. See 28 U.S.C. § 2201(a). Finally, the district court did not err by finding that the United States had not waived sovereign immunity for suits challenging the underlying merits of a federal tax lien under § 2410. Thus, its dismissal, with prejudice, of the remaining portions of the suit was proper. We are unpersuaded by Branca's other arguments. Accordingly, we affirm.

**AFFIRMED.**

3