[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 14, 2008
THOMAS K. KAHN
CLERK

No. 08-10741
Non-Argument Calendar
_____

D. C. Docket No. 07-00050-CV-1

JERRY ALI AZIZ AL-SHARIF,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant,

DENISE BRADLEY,
MELANIE BURROUGHS,
ALAN DANTZKER,
MARK W. EVERSON,
GLENN E. HENDERSON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(October 14, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Jerry Ali Al-Sharif, proceeding pro se, appeals the district court's order dismissing his complaint against eight employees (collectively the "agents") of the Internal Revenue Service ("IRS") for lack of jurisdiction and failure to state a claim upon which relief may be granted. Al-Sharif's complaint alleged that IRS agents had improperly served an "informal request" on his former bank to turn all funds in his account over to the government without affording Al-Sharif a hearing or notice, and that he was owed a refund of $21,317.87, but had not been able to resolve the issue administratively under the Federal Tort Claims Act ("FTCA"). As a result, he claimed that his rights to due process and under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983 were violated, that the agents had violated the Paperwork Reduction Act, and that he was entitled to relief under 26 U.S.C. § 7433. On appeal, Al-Sharif argues, without specifically addressing the grounds upon which the district court dismissed his complaint, that: (1) he is entitled to due process under the Fourth, Fifth, and Fourteenth Amendments, and the Fair Debt Collection Act ("FDCA"); (2) the agents failed to follow the proper assessment procedures in this case; and (3) he was denied the right to pursue his administrative remedies under the FTCA.[1] After careful review, we affirm.

_____

[1] Because Al-Sharif presents no argument as to his claims under either the Paperwork Reduction Act, 42 U.S.C. § 1983, or 26 U.S.C. § 7433, we consider these claims abandoned.

We review de novo the grant of a motion to dismiss both for lack of subject matter jurisdiction, Broward Gardens Tenants Ass'n v. U.S. E.P.A., 311 F.3d 1066, 1072 (11th Cir. 2002), and for failure to state a claim, Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). We construe the pleadings of a pro se petitioner liberally. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

We find no merit to Al-Sharif's constitutional claims, alleging various violations of his rights under the Fourth, Fifth, and Fourteenth Amendments by the IRS agents in the assessment and levy process. Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), an individual may bring a cause of action "against a federal agent who, while acting under the color of federal law, has violated the constitutional rights of [the] individual." Hardison v. Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004). The Supreme Court has allowed Bivens actions under the Fourth Amendment and the Fifth Amendment's Due Process Clause. Id. "Damages can be obtained in a Bivens action when (1) the plaintiff has no alternative means of obtaining redress and (2) no special factors counseling hesitation are present." Id. (citation and quotations omitted). However, "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that

---

Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002).

3

may occur in the course of its administration, [the Supreme Court has] not created additional Bivens remedies." Schweiker v. Chilicky, 487 U.S. 412, 423 (1988). To that end, 26 U.S.C. § 7433(a) by its terms provides the exclusive remedy for recovering damages against an IRS employee for wrongful collection activities, and 28 U.S.C. § 1346(a)(1) permits suits against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ." Accordingly, the district court did not err in determining that the availability of adequate statutory avenues for relief forecloses a Bivens action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes.

We likewise reject Al-Sharif's due process claims under the FDCA and FTCA. The FDCA was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). However, the term "debt collector" does not include an "officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]" 15 U.S.C. § 1692a(6)(C). Al-Sharif therefore has no right of action against the individual

4

IRS agents under the FDCA. Moreover, to the extent that Al-Sharif presents claim under the FTCA, the statute expressly provides that it does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c). And finally, Al-Sharif references due process violations resulting from the agents' failure to follow proper assessment and levy procedures, but identifies no statutory basis for such a claim, and, as demonstrated above, has no private right of action under the Constitution against the agents in this regard. As a result, we affirm the dismissal of his complaint.[2]

**AFFIRMED**.

---

[2] We also DENY Appellant's motion to strike the Appellee's brief, since it was timely filed.