**MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, Plaintiff,**

v.

**Sally JEWEL, et al., Defendants.**

Case No. 13–22802–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 4, 2013.

Yesenia Fatima Rey, Yinet Pino, Bernardo Roman, III, Law Office of Bernardo Roman III, P.A., Miami, FL, for Plaintiff.

William E. Farrior, U.S. Department of Justice, Washington, DC, for Defendants.

## ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon the Government's Motion to Dismiss For Lack of Jurisdiction and for Failure to State a Claim and Memorandum in Support [D.E. 17].

**THE COURT** has reviewed the Motion, the Response and Reply-thereto, pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated below, the Motion is **GRANTED.**

## I. FACTUAL & PROCEDURAL BACKGROUND

On August 5, 2013, the Miccosukee Tribe of Indians of Florida ("Tribe") brought suit against the United States ("Government"); Sally Jewell, U.S. Secretary of the Interior; Jacob J. Lew, U.S. Secretary of the Treasury; Eric Holder, U.S. Attorney General; and James Furnas, special agent for the Internal Revenue Service (referred to collectively as "Defendants"). [D.E. 1]. The Tribe's Complaint contains five counts alleging, *inter alia,* a breach of trust responsibilities to the Tribe by the Defendants; violations of the Tribe's equal protections rights; civil rights violations for vindictive enforcement, abuse of process; and a *Bivens* action against the named Defendants in their individual capacities. *Id.* The allegations arise from an ongoing disagreement and investigation between the Internal Revenue Service and the Tribe concerning the applicability of certain tax laws to the Tribe and its members' compliance with their federal tax obligations. The Tribe maintains that it is in compliance with applicable tax laws and has satisfied all legitimate requests by the Internal Revenue Service during its investigation. [D.E. 1–8]. The Government takes the position that "[t]he [C]omplaint filed by the Tribe is simply its latest attempt to impede the [Internal Revenue Service] and to avoid its

tax liabilities" and now moves to dismiss the Complaint, in its entirety, for a lack of jurisdiction and for failure to state a claim. [D.E. 17].

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

A challenge to subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) can come in two forms: facially or factually. *MGC Communications, Inc. v. BellSouth Telecommunications, Inc.*, 146 F.Supp.2d 1344, 1349 (S.D.Fla.2001). A facial attack requires "the court [to] merely look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegation in his complaint are taken as true for the purposes of the motion." *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980) (internal citations omitted)) [1]. On the other hand, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In addition, "no presumptive truthfulness attaches to plaintiff's allegation, and the existence of disputed material facts will not preclude the trial court from evaluating itself the merits of the jurisdictional claims." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)).

Here, the Government's Motion is a facial attack on the Complaint because it does not present any factual evidence outside of the Complaint for the Court's consideration. Therefore, the Government's Motion "will be reviewed under the same standards as a Rule 12(b)(6) motion, which are set forth below." *Id.*

### B. Rule 12(b)(6)

"For the purposes of a [Fed.R.Civ.P. 12(b)(6)] motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir.2003) (citations omitted). However, the Court does not have to "accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations and citations omitted). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* In addition, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993).

## III. DISCUSSION

The Government argues two separate grounds for dismissal in its Motion. Pri-

---

**1.** The newly formed Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), held that the decisions of the Fifth Circuit delivered prior to October 1, 1981 are binding precedent.

marily, the Government argues that the Court should construe the Complaint as one being against the United States since the Tribe also brings suit against Defendants Jewell, Lew, Holder, and Furnas in their official capacities. Based upon this construction, the Government argues that sovereign immunity applies and the Tribe's claims cannot stand without allegations detailing an express waiver of sovereign immunity. [D.E. 17]. Alternatively, the Government argues that the Tribe has not stated a claim for four reasons: (1) the Anti–Injunction Act prohibits claims for injunctive relief; (2) the Declaratory Judgment Act prohibits claims for declaratory relief; (3) the Tribe fails to state an actionable claim for trust mismanagement; and (4) the Tribe cannot maintain an individual *Bivens* action against Defendant Furnas. *Id.* In opposition, the Tribe argues that the Complaint should not be construed as one being against the United States since the claims are being brought against the named Defendants in their individual capacities as acting outside of the scope of their employment. [D.E. 19]. The Tribe's response does not address any of the other arguments presented in the Government's Motion.

### A. Sovereign Immunity & Counts I–IV

Since the sovereign immunity argument implicates the Court's subject-matter jurisdiction, it takes first position in the line of analysis. As mentioned above, the Government takes the position that this suit is against the named Defendants in their official capacities and sovereign immunity applies as a bar to the Tribe's suit. The Tribe takes the contrary position and maintains that its suit is against the Defendants in their individual capacities based upon their actions outside the scope of their employment.

 To resolve this issue, it is first necessary to distinguish between official-capacity suits and individual-capacity suits. The U.S. Supreme Court explained the doctrinal difference between the two types of suits in *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). In *Graham,* the Supreme Court defined individual-capacity suits as those seeking "to impose personal liability upon a government official for actions he [or she] takes under color of state law." *Id.* at 165, 105 S.Ct. 3099. The Supreme Court went on to define "[o]fficial-capacity suits, in contrast, [as] 'generally represent[ing] another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (quoting *Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

 In addition, the Supreme Court specified that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166, 105 S.Ct. 3099. Furthermore, "an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.* With respect to available defenses to liability, "an official in a personal-capacity action may, depending on his position, be able to assert personal immunity, such as objectively reasonable reliance on existing law, [absolute immunity, or qualified immunity]." *Id.* at 166–167, 105 S.Ct. 3099 (citing *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); and *Harlow v. Fitzgerald,* 457 U.S.

800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Such defenses are unavailable in an official-capacity suit and "[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Id.* at 167, 105 S.Ct. 3099 (internal citations omitted).

■ Viewing the factual allegations in Counts I–IV in a light most favorable to the Tribe and accepting them as truth, the Court construes Counts I–IV as being against the United States. Although the Tribe does not specify in what capacity Defendants Jewell, Lew, and Holder are being sued, the stated allegations lend support the conclusion that the named Defendants are being sued in their official capacities. For example, the Tribe states throughout the Complaint that it is bringing suit due to actions of "the United States, by and through Defendants." *See* [D.E. 1 at ¶¶ 1, 2, 5, 6, 7, 8, 57, 58]. In fact, the paragraphs that contain this language are re-alleged and incorporated into every count of the Complaint. Also, the Complaint fails to delineate any specific individual action by Defendants Jewell, Lew, and Holder. The Complaint only alleges individual action against "Defendant Furnas and Other Officers" in Count V. However, the Tribe only includes allegations of actions by Defendant Furnas and fails to mention any of the other named Defendants.

■ Furthermore, "[a]n action is one against the United States ... where the judgment sought is to satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Ishler v. Internal Revenue*, 237 Fed.Appx. 394, 398 (11th Cir.2007) (quoting *Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550, 1550 (11th Cir.1985)). In its prayers for relief, the Tribe seeks, *inter alia*, injunctive and declaratory relief against the United States and the named Defendants in their official capacities. Hence, a favorable judgment for the Tribe would interfere with public administration and restrain the government's actions. *Id.* Thus, the Court construes Counts I–IV of the Complaint as being against the United States despite the Tribe's argument to the contrary.

■ Having concluded that Counts I–IV are essentially claims against the United States, the Court now turns to the merits of the Government's argument concerning sovereign immunity. Accordingly, "[u]nder settled principles of sovereign immunity, 'the United States, as sovereign, 'is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' '" *U.S. v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (quoting *U.S. v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (internal quotation omitted)). Therefore, the Tribe bears the burden of showing subject-matter jurisdiction through an "explicit waiver of immunity." *Ishler*, 237 Fed.Appx. at 398; *see also Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248, n. 2 (11th Cir.2005); *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260 (11th Cir. 2000).

■ Again viewing the factual allegations in Counts I–IV in a light most favorable to the Tribe and accepting them as truth, the Court finds that the Tribe has

**1274**

failed to carry its burden of showing subject-matter jurisdiction through an explicit waiver of sovereign immunity. Although the Complaint is filled with allegations against the United States and the named Defendants in their official capacities, it is devoid of any legal basis granting an explicit waiver of sovereign immunity. In response, the Tribe argues that the general federal question and mandamus jurisdiction statutes confer subject-matter jurisdiction; however, general jurisdiction statutes are insufficient when a waiver of sovereign immunity is at issue. *Southland Forming, Inc. v. U.S.*, 1997 WL 842410, *1, n. 2 (S.D.Fla.1997); *see also Aloupis v. U.S.*, 149 Fed.Appx. 889 (11th Cir.2005). As a result, the Court does not have subject-matter jurisdiction over Counts I–IV as the Tribe has not identified an independent statutory basis of jurisdiction wherein the United States has specifically expressed a waiver of sovereign immunity.

**B. *Bivens* Actions & Count V**

As stated above, the Complaint only alleges individual action against "Defendant Furnas and Other Officers" in Count V (the *Bivens* Action). Accordingly, "an individual may bring a cause of action 'against a federal agent who, while acting under the color of federal law, has violated the constitutional rights of [the] individual.'" *Al–Sharif v. U.S.*, 296 Fed.Appx. 740, 741–742 (11th Cir.2008) (quoting *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir.2004); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)). Also, "[d]amages can be obtained in a *Bivens* action when (1) the plaintiff has no alternative means of obtaining redress and (2) no special factors counseling hesitation are present." *Id.*

Although the title of Count V suggests otherwise, the Tribe only includes allegations of actions by Defendant Furnas and makes no mention any of the other named Defendants. With respect to Defendant Furnas, the allegations in Count V are simply a recitation of the elements of a *Bivens* action without specific facts relating to how he acted outside the scope of his employment. This is in derogation of the *Iqbal* and *Twombly* pleading standards mentioned above. Notwithstanding this pleading deficiency, the Tribe cannot maintain a *Bivens* action against Defendant Furnas because "the availability of adequate statutory avenues for relief forecloses a *Bivens* action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes." *Al–Sharif v. U.S.*, 296 Fed.Appx. 740, 741–742 (11th Cir.2008) (citing *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir.2004)). Additionally, the Tribe does not include sufficient factual content to allow the Court to draw the reasonable inference that it has no alternative means of obtaining redress. *Al–Sharif*, 296 Fed.Appx. at 741. Consequently, the Court finds that the Tribe has failed to state an individual *Bivens* claim against Defendant Furnas.

**C. Dismissal With Prejudice**

Lastly, the Court finds that dismissal with prejudice is warranted in this case. "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir.2005). Leave to amend is not warranted when: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment

would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (internal citation omitted). Here, the Court finds that amendment would be futile because the Tribe's claims fail as a matter of law under any construction of the Complaint.

First, if the Court accepts the Tribe's argument and construes the Complaint as being against the named Defendants in their individual capacities, an action for breach of trust would not lie because "the Government assumes Indian trust responsibilities only to the extent it expressly accepts those responsibilities by statute." *U.S. v. Jicarilla Apache Nation,* — U.S. ——, 131 S.Ct. 2313, 2325, 180 L.Ed.2d 187 (2011). This rule applies to the United States only and does not impose any separate fiduciary obligations on individual citizens to Indian tribes. Second, assuming the Tribe amended its Complaint to include a statute in which the Government accepts trust responsibility or, alternatively, a statute in which the United States waives sovereign immunity, the Anti–Injunction Act and the Declaratory Judgment Act prohibit the Tribe's prayer for injunctive and declaratory relief. *See Bob Jones Univ. v. Simon,* 416 U.S. 725, 736, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) (quoting *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962)); *see also Branca v. U.S.,* 312 Fed.Appx. 160, 161 (11th Cir.2008); *Alexander v. Americans United, Inc.,* 416 U.S. 752, 759, n. 10, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). Such prohibition stands regardless of whether the Tribe desires to maintain suit against the Defendants in an official or individual capacity. Lastly, the Eleventh Circuit's decision in *Al–Sharif* precludes *Bi-vens* actions against individual Internal Revenue Service agents for alleged constitutional violations in the collection and assessment of taxes. *Al–Sharif,* 296 Fed.Appx. at 742. Therefore, the Court finds that amendment of the Tribe's Complaint would be futile and that dismissal of this action with prejudice is warranted.

## IV. CONCLUSION

Based thereon, it is hereby

**ORDERED AND ADJUDGED** that the Government's Motion to Dismiss For Lack of Jurisdiction and for Failure to State a Claim and Memorandum in Support [D.E. 17] is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that this action is **DISMISSED WITH PREJUDICE.** It is further

**ORDERED AND ADJUDGED** that the clerk shall **CLOSE** this case.