KETHLEDGE, Circuit Judge.
R.K’s parents believe that the Scott County school board discriminated against their diabetic son by moving him out of his neighborhood school to a different school that had a full-time nurse on staff. They brought this suit, asserting claims under the Americans with Disabilities Act, the Rehabilitation Act, and state law, among other things. The district court granted summary judgment to the school board. We affirm.
I.
R.K. was diagnosed with Type-1 diabetes at the age of four. As a result, he needs periodic insulin injections and must monitor his sugar intake throughout the day. In March 2009, R.K.’s parents tried to enroll him in kindergarten for the coming school year at Eastern Elementary. Eastern is one of five elementary schools in Scott County and the school that children in R.K.’s neighborhood were zoned to attend. R.K.’s parents told school administrators that R.K. was diabetic and needed daily insulin injections. At the time, R.K. used a pen needle for his injections; the device resembles a large ink pen with a needle on one end. The user must dial the appropriate insulin dosage on the device, insert the needle into his skin, and press a button to deliver the insulin dose. R.K’s parents also' submitted a Preventative Health Care Examination Form, prepared by R.K.’s doctor (and required by the Commonwealth of Kentucky), that stated: “For [R.K.’s] diabetes, will require frequent finger stick glucose checks + nurse to help with insulin administration.”
After a series of meetings with R.K.’s parents, the school board concluded that R.K should attend a school with a full-time nurse on staff. That left Western Elementary and Anne Mason Elementary as the only options for R.K. His parents thought that R.K. did not need a nurse’s help with his injections, but that if he did, a nurse could come from one of the other schools to Eastern during lunch. The sehool board disagreed and enrolled R.K, at Anne Mason.
In September 2009, during R.K.’s kindergarten year, R.K, transitioned from the pen needle to an insulin pump. The pump automatically delivers insulin doses over the course of the day. R.K.’s physician prepared a diabetes-management plan which provided that R.K. “must be supervised by an adult with dose administration via pump.” R.K’s parents renewed their request to transfer R.K. to Eastern.
In December 2009, the school board met with R.K’s parents. At the meeting, school district nurses Rose Lewis and Tony Harrison expressed concerns about allowing untrained staff to supervise R.K. Lewis also noted that the insulin pump is *924 an infusion, which she did not recommend delegating to someone other than a nurse. As a result, the school board denied R.K’s request to transfer. R.K. finished his kindergarten year at Anne Mason.
The following school year, 2010-2011, R.K’s parents sought to enroll him at Eastern for first grade. Prior to the start of the school year, the school board met with R.K’s parents and considered an updated diabetes-management plan from R.K.’s physician. According to the new plan, R.K. was “independent in manipulating his pump” and only needed help counting carbohydrates — help that, according to R.K.’s doctor, could be rendered “by any trained layperson” and “[d]oes not require nurse.” Despite the physician’s note, the school board continued to think that R.K. needed a nurse’s supervision after considering R.K.’s independence in using the insulin pump, his maturity, variations in his blood-sugar levels, and the number of times he required treatment during the day. R.K. remained at Anne Mason for the first grade.
By second grade, R.K. was fully independent in using his .insulin pump, so the school board enrolled him at Eastern as his parents requested. Two months into the school year, however, R.K’s family moved to a different school zone.
In the middle of the transfer dispute, R.K. (through his parents) sued the school board and superintendent. R.K. claimed that the school board violated the ADA, the Rehabilitation Act, the Fourteenth Amendment, and the Kentucky Civil Rights Act by sending him to Anne Mason. As remedies, he sought injunctive relief and money damages. The district court granted summary judgment to the school board and the superintendent on all claims. R.K. appealed. We affirmed the grant of summary judgment to the superintendent, but vacated the grant of summary judgment to the board and remanded for further discovery. R.K. ex rel. J.K v. Bd. of Educ. of Scott Cnty., 494 Fed.Appx. 589 (6th Cir.2012). After discovery, the district court again granted summary judgment to the school board. R.K. now appeals as to his claims under the ADA, Rehabilitation Act, and Kentucky Civil Rights Act.
II.
We review de novo the district court’s grant of summary judgment. Gradisker v. City of Akron, 794 F.3d 574 (6th Cir.2015). We may affirm on any grounds supported by the record. Pahssen v. Merrill Cmty. Sch. Dist., 668 F.3d 356, 362 (6th Cir.2012).
As applied here, the ADA and Rehabilitation Act cover largely the same ground. S.S. v. E. Ky. Univ., 532 F.3d 445, 452-53 (6th Cir.2008). In addition, the Kentucky Civil Rights Act mirrors the ADA and Rehabilitation Act. Brohm v. JH Prop. Inc., 149 F.3d 517, 520 (6th Cir.1998); Howard Baer, Inc. v. Schave, 127 S.W.3d 589, 592 (Ky.2003). Thus, we analyze all three claims together.
The parties devote the bulk of their argument to whether R.K. has a substantive right to attend his neighborhood school under the Rehabilitation Act and ADA, and if so whether the school board violated that right. But the parties overlook another element of R.K’s claims, which is whether he can obtain the remedies he seeks.
R.K. seeks two remedies: First, he seeks to enjoin the school board from denying him an “educational opportunity” or “singling him out for disparate treatment” because of his diabetes. In March 2014, however, Kentucky amended KRS § 158.838 to provide that “a school district shall permit a student who has diabetes ... to attend the same school the student *925 would attend if the student did not have diabetes,” and that the school district “shall not prohibit a student has diabetes ... from attending any school on the sole basis that ... [t]he school does not have a full-time nurse.” KRS § 158.838(8) (a). Thus, the new statute already forbids the actions that R.K. seeks to enjoin. Moreover, for years now, the school board un-disputedly.has not “singled out” R.K. for disparate treatment based on his diabetes. R.K. presents no evidence to suggest that this will change any time soon. Thus, his request for injunctive relief is moot.
Second, R.K. seeks money damages. The parties agree that, to obtain money damages under the ADA and the Rehabilitation Act, R.K. must show that the school board acted with “deliberate indifference” towards his federally-protected rights. See generally Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001). (We assume without deciding that the parties are correct on this point, see Hill v. Bradley Cnty. Bd. of Educ., 296 Fed.Appx. 740, 742 (6th Cir.2008)). A party acts with deliberate indifference if it disregards a “known or obvious consequence” of its actions, namely that its actions will violate the plaintiffs federally-protected rights. See Bd. of Cty. Comm’rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 410-11, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Here, R.K. points to no evidence that the school board knew that it would likely violate his rights when it assigned him to a school with a full-time nurse. That is true even though R.K. had two opportunities to conduct discovery — both before his first appeal and before this one. This is not a case where a school board ignored a student’s request for help. Rather, the student’s parents simply disagreed with the school as to whether a nurse was necessary to provide it. Thus, as a matter of law, R.K. is not entitled to damages on his federal claims.
We analyze claims under the Kentucky Civil Rights Act the same way we analyze claims under the federal statutes. See Bryson v. Regis Corp., 498 F.3d 561, 574 (6th Cir.2007). R.K.’s evidence (or lack thereof) is the same for his state and federal claims. R.K. therefore cannot recover damages under the Kentucky Civil Rights Act either.
Because R.K. is not entitled to any of the relief he seeks, we have no occasion to reach the question whether any of the anti-discrimination statutes guarantees a right to attend one’s neighborhood school.
»{4 sis
The district court’s judgment is affirmed.